$150.00

GP

IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOYCE BOULDIN<br>Plaintiff<br><br>v.<br><br>BURNHAM HOLDINGS, INC. AND BURNHAM CORPORATION AND ACCOUNTEMPS AND ROBERT HALF INTERNATIONAL INC.<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO: 04-cv-4944 |

FILED
OCT 21 2004
MICHAEL E. KUNZ, Clerk
By ___ Dep. Clerk

**COMPLAINT**

**JURY TRIAL DEMANDED**

**INTRODUCTION:**

1. This action is brought by Joyce Bouldin to redress her deprivation of rights under Title VII of the Civil Rights Act of 1964, as amended (Title VII), and under the Civil Rights Act of 1866, section 1981 and under the Pennsylvania Human Relations Act (PHRA) and under the Lancaster County Human Relations Act (LCHRA) and for claims of defamation.

In support of these claims, Joyce Bouldin alleges:

**JURISDICTION AND VENUE:**

2. Original jurisdiction founded on the existence of questions arising under particular statutes. The action arises under Title VII of the Civil Rights Act of 1964, as amended and under the Civil Rights Act of 1866, section 1981 and for reasons of diversity jurisdiction.

3. Jurisdiction founded upon principals of pendent jurisdiction under 28 U.S.C



section 1367 that authorizes the court to supplemental jurisdiction over any claims against parties that are part of the same controversy as the claim that provides the basis for the court's original jurisdiction.

4. Defendant Burnham Corporation was an employer with more than fifty employees. Defendant Burnham Corporation is now believed to be known as Burnham Holdings Inc. (Herein collectively referred to as "Burnham")

5. Defendant Accountemps is an employer with more than fifty employees. Defendant Accountemps is a division of Robert Half International Inc. that is headquartered in the State of California.

6. The matter in controversy exceeds, exclusive of interests and costs the sum of one hundred thousand dollars.

7. The unlawful practices and harm complained of occurred in Lancaster County in the Commonwealth of Pennsylvania where defendants conducted business and Plaintiff performed services on behalf of the defendant companies/entities. Venue therefore lies in the Eastern District of Pennsylvania.

8. Plaintiff complied with all the conditions precedent to the filing of this complaint.

**PARTIES:**

9. Plaintiff is a citizen of Lancaster County in the Commonwealth of Pennsylvania. At all times relevant, Plaintiff performed services for and on behalf of defendant companies/entities and served the defendants separately and jointly.

Defendant Burnham Corporation now believed to be known as Burnham Holdings Inc. manufactures heating and air conditioning systems. Plaintiff worked in the accounting office located on Manheim Pike, Lancaster County, Pennsylvania.

10. Defendant Accountemps is a temporary employment agency. Defendant Accountemps is a division of Robert Half International Inc. a specialized staffing service for accounting, finance and information technology professionals. Defendant Robert Half International Inc. is headquartered in the State of California. Defendant Robert Half International Inc. operates a local office for Accountemps in Lancaster County, Pennsylvania. that placed Plaintiff at Defendant Burnham.

11. At all times relevant, the defendants acted jointly and separately to harm Plaintiff and otherwise violated her statutory and civil rights.

12. At all times relevant, defendant Burnham acted by and through all management, staff, directors, officers and all other agents.

13. At all times relevant, Defendant Accountemps was a division of defendant Robert Half International Inc and acted for and on behalf of defendant Robert Half International Inc.

**CLAIMS:**

14. Plaintiff is an African-American female over the age of forty years. Plaintiff is a member of protected classes.

15. On or about June, 2002, Defendant Accountemps hired Plaintiff as an employee to perform temporary accounting duties for companies and businesses.

16. On or about August 18, 2002, Defendant Accountemps placed Plaintiff at Defendant Burnham to perform payroll and like functions in the Accounting Office. Defendant Accountemps informed Plaintiff that the work assignment at Burnham was a "temp-to-hire" (transition into full-time permanent employment).

17. Plaintiff pursued available employment and permanent hire at Burnham Corporation. Plaintiff sought permanent hire through Burnham Manager Doug Shuff.

18. Doug Shuff was the Controller/ Manager of the Accounting Office for Burnham. On the first day on the job at Burnham, Manager Shuff informed Plaintiff that he was seeking an individual to perform payroll duties at Burnham on a permanent full-time basis. Manager Shuff requested a copy of Plaintiff's resume that Accountemps had already provided to Burnham.

19. The Payroll Supervisor, Susan Kasper, informed Plaintiff that she could not formally apply for a permanent position at Burnham until the expiration of ninety (90) days of work at Burnham.

20. Within the first ninety (90) days of work at Burnham, Payroll Supervisor Kasper resigned from employment at Burnham and her employment position was filled by a promoted in-house employee. The internal promotion left two available positions in the payroll office (including the position that Plaintiff filled on a temp-to-hire basis).

21. On September 25, 2002, Manager Doug Shuff offered Plaintiff permanent full-time employment at Burnham to perform payroll functions. The job was located in the manufacturing facility rather than the business offices. Plaintiff informed

Manager Shuff that she accepted the offer of permanent full-time employment at Burnham.

22. In the meanwhile, Plaintiff continued to work in the temp-to-hire assignment.

23. On October 9, 2002, Manager Shuff abruptly requested that Defendant Accountemps discontinue Plaintiff's work assignment and remove her from Defendant Burnham.

24. Defendant Accountemps placed a Caucasian at Burnham to replace Plaintiff as the "temp-to-hire".

25. Defendant Burnham hired Caucasian females instead of Plaintiff to perform payroll duties or other like duties of full-time employment.

26. Plaintiff was qualified for employment at Burnham.

27. Plaintiff was refused hire at Defendant Burnham because of her race.

28. Because of her race, Plaintiff was treated adversely, differently and denied equal opportunities of employment at Defendant Accountemps and Defendant Robert Half International and Defendant Burnham.

29. Defendant Burnham, by and through Manager Doug Shoff and Employee Saude Jordan among others, published false and damaging statements regarding Plaintiff's work history. As a result of the publications of false statements, Plaintiff suffered harm and damages including removal from work at Burnham and denial of employment at Burnham and denial of hire at Burnham and lost employment with Accountemps.

30. The varied reasons offered by defendants for removal of Plaintiff from Burnham and for Defendant Burnham's refusal to hire Plaintiff were a pretext for discrimination against Plaintiff because of her race.

31. Defendant Accountemps and Defendant Robert Half International aided and abetted the discrimination perpetrated by Defendant Burnham.

32. Plaintiff timely filed charges of discrimination against Defendant Burnham with the Lancaster County Human Relations Commission and the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission. Plaintiff exhausted her administrative remedies. See Notice of Right to Sue attached Exhibit A.

33. Plaintiff timely filed charges of discrimination against Defendant Accountemps with the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission.

34. Defendants, separately and jointly, caused Plaintiff to suffer harm and losses.

COUNT I

JOYCE BOULDIN V. BURNHAM HOLDINGS, INC.

AND BURNHAM CORPORATION

35. The allegations of paragraphs 1 thru 34. are incorporated by reference.

36. The conduct by Defendant Burnham described above constitute violations of Title VII of the Civil Rights Act of 1964, as amended.

37. The conduct by Defendant Burnham described above was willful within the meaning of Title VII of the Civil Rights Act of 1964, as amended.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant Burnham Holdings, Inc. and Burnham Corporation and the Court:

(A) Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings and lost benefits;

(B) Award Plaintiff compensatory damages for distress, lost career, embarrassment, and humiliation;

(C) Award Plaintiff punitive damages;

(D) Award Plaintiff costs of this action and reasonable attorney's fees, and;

(E) Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

COUNT II

JOYCE BOULDIN V. BURNHAM HOLDINGS, INC. AND BURNHAM

CORPORATION AND ACCOUNTEMPS

AND ROBERT HALF INTERNATIONAL INC.

38. The allegations of paragraphs 1 thru 37 are incorporated by reference.

39. The conduct by Defendant Burnham described above constitute violations of the Civil Rights Act of 1866, section 1981.

40. The conduct by Defendant Burnham described above was willful within the meaning of the Civil Rights Act of 1866, section 1981.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant Burnham Holdings, Inc. and Defendant Burnham Corporation and Defendant Accountemps and Defendant Robert Half International Inc. and the Court:

(A) Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings and lost benefits;

(B) Award Plaintiff compensatory damages for distress, lost career, embarrassment, and humiliation;

(C) Award Plaintiff punitive damages;

(D) Award Plaintiff costs of this action and reasonable attorney's fees, and;

(E) Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

COUNT III

JOYCE BOULDIN V. BURNHAM HOLDINGS, INC. AND BURNHAM CORPORATION AND ACCOUNTEMPS AND ROBERT HALF INTERNATIONAL INC.

44. The allegations of paragraphs 1 thru 43 are incorporated by reference.

45. The conduct by Defendant Burnham described above constitute violations of the Pennsylvania Human Relations Act.

46. The conduct by Defendant Burnham described above was willful within the meaning of the Pennsylvania Human Relations Act.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant Burnham Holdings, Inc. and Defendant Burnham Corporation and Defendant Accountemps and Defendant Robert Half International Inc. and the Court:

(A)  Award Plaintiff actual damages for loss of revenue, including back pay, differential pay, future earnings and lost benefits;

(B)  Award Plaintiff compensatory damages for distress, lost career, embarrassment, and humiliation;

(C)  Award Plaintiff costs of this action and reasonable attorney's fees, and;

(D  Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

COUNT IV

JOYCE BOULDIN V. BURNHAM HOLDINGS, INC.

AND BURNHAM CORPORATION

47. The allegations of paragraphs 1 thru 46 are incorporated by reference.

48. The conduct by Defendant Burnham described above constitute violations of the Lancaster County Human Relations Act.

49. The conduct by Defendant Burnham described above was willful within the meaning of the Lancaster County Human Relations Act.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant Burnham Holdings, Inc. and Burnham Corporation and the Court:

(A) Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings and lost benefits;

(B) Award Plaintiff compensatory damages for distress, lost career, embarrassment, and humiliation;

(C ) Award Plaintiff punitive damages;

(D) Award Plaintiff costs of this action and reasonable attorney's fees, and;

(E) Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

COUNT V

JOYCE BOULDIN V. BURNHAM HOLDINGS, INC.

AND BURNHAM CORPORATION

50. The allegations of paragraphs 1 thru 49 are incorporated by reference.

51. Defendant Burnham, by and through Manager Doug Shuff and Employee Saude Jordan among others, published false and damaging statements regarding Plaintiff's work history.

52. Defendant Burnham relied on the falsehoods as reason for Plaintiff's removal from work at Burnham and denial of employment at Burnham and denial of hire at Burnham and lost employment with Accountemps.

53. The statements are false.

54. The publication of false and misleading statements caused Plaintiff to suffer economic damages and harm including but not limited to loss of employment, loss of reputation, embarrassment, loss of career, humiliation, distress and anxiety.

55. Defendant Burnham recklessly and maliciously published misstatements regarding Plaintiff in total disregard to the truth.

56. Defendant Burnham was not privileged to publish the misstatements, or if any privilege existed, Defendant Burnham abused the privilege.

57. Defendant Burnham is liable to Plaintiff for defamation.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant Burnham Holdings, Inc. and Burnham Corporation and the Court:

(A) Award Plaintiff actual damages for loss of revenue, including


back-pay, differential pay, future earnings and lost benefits;

    (B)    Award Plaintiff compensatory damages for distress, lost career, embarrassment, and humiliation;

    (C )    Award Plaintiff punitive damages;

    (D)    Award Plaintiff costs of this action and reasonable attorney's fees, and;

    (E)    Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

Respectfully submitted:

Nina B. Shapiro, Esquire

Attorney for Plaintiff
PA #44040
53 North Duke Street, Suite 201
Lancaster, PA 17602
717-399-8720



EEOC Form 161-B (10/96)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Joyce Bouldin
739 E. Marion St.
Lancaster, PA 17602

From: Equal Employment Opportunity Commission
Philadelphia District Office
21 South Fifth Street
Philadelphia, PA 19106-2515

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17F-2003-62791 | Legal Unit | 215-440-2828 |

*(See also the additional information attached to this form.)*

## NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ X ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ X ] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Marie M. Tomasso, District Director

July 21, 2004
*(Date Mailed)*

Enclosure(s)

cc: Burnham Corporation
Nina B. Shapiro, Esquire, for Charging Party